___ FILED   ___ RECEIVED
___ ENTERED ___ SERVED ON
         COUNSEL/PARTIES OF RECORD

MAY 10 2016

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH MIZZONI,<br><br>       Plaintiff,<br><br>v.<br><br>ATWOOD, *et al.*,<br><br>       Defendants. | Case No. 3:15-cv-00103-RCJ-VPC<br><br>**ORDER** |

**I.   DISCUSSION**

    Currently pending before the Court is Plaintiff's motion to respond to Court's April 18, 2016 order and motion for reconsideration on amended complaint. (ECF No. 15). On January 26, 2016, the Court entered a second screening order on Plaintiff's first amended complaint dismissing some claims with leave to amend, and allowing some claims to proceed. (ECF No. 9 at 12). The Court granted Plaintiff 30 days to file a second amended complaint. (*Id.*). Plaintiff did not file a second amended complaint. On March 10, 2016, the Court issued an order directing the case to inmate mediation program. (ECF No. 10).

    On April 7, 2016, Plaintiff filed a motion stating that he never received the screening order or the order to mediation. (ECF No. 12). On April 18, 2016, the Court issued an order denying Plaintiff's request to "respond to Defendants' notice of appearance." (ECF No. 14). The Court noted that Plaintiff failed to keep his address updated as required under Nev. Loc. Special Rule 2-2 and because of this, he failed to timely receive the screening order and order to proceed to mediation. (*Id.*). Plaintiff has now filed a motion for reconsideration of that order. (ECF No. 15).

1    Plaintiff contends that he was unaware of Nev. Loc. Special Rule 2-2, that in the past
2 when he has been moved to different prisoners his legal mail followed him, and that because
3 pro se litigants are held to less stringent standards, the Court should allow him leave to file a
4 second amended complaint. (*Id.* at 2-3).

5    The Court "possesses the inherent procedural power to reconsider, rescind, or modify
6 an interlocutory order for cause seen by it to be sufficient" so long as the Court has jurisdiction.
7 *City of L.A. Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001)
8 (emphasis and quotation omitted). Generally, reconsideration of an interlocutory order is
9 appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district
10 court committed clear error or made an initial decision that was manifestly unjust, or (3) there
11 is an intervening change in controlling law." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d
12 1072, 1100 (9th Cir. 2010) (quotation omitted); *see also Antonetti v. Skolnik*, No. 3:10-cv-
13 00158-LRH-WGC, 2013 WL 593408, at *1 (D. Nev. Feb. 13, 2013) (stating that the Court
14 applies the Rule 59(e) standards to motions for reconsideration of interlocutory orders). "A
15 motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon
16 which the court already has ruled." *In re AgriBioTech, Inc.*, 319 B.R. 207, 209 (D. Nev. 2004).

17    While Plaintiff is correct that pro se pleadings are to be liberally construed, Plaintiff is
18 not relieved of his obligation to comply with the rules and procedures of this court simply
19 because he is proceeding pro se. *See King v. Atiyeh* 814 F.2d 565, 567 (9th Cir. 1987) ("Pro
20 se litigants must follow the same rule of procedure that govern other litigants."); *see also*
21 *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in
22 their favor, pro se litigants are bound by the rules of procedure."), *Jacobsen v. Filler*, 790 F.2d
23 1362, 1364-1365 (9th Cir. 1986) (holding that pro se parties are not excused from following
24 the rules and order of the court).

25    The Court denies Plaintiff's motion for reconsideration (ECF No. 15). Plaintiff was given
26 the opportunity to amend his complaint twice, and did amend it once. (ECF No. 6, 9). While
27 Plaintiff contends that he did not receive the order directing him to file a second amended
28 complaint, Plaintiff did not file an updated address with the Court as required under Nevada

Local Special Rule 2-2. Pro se litigants are not excused from following the rules of procedure and the local rules. It was Plaintiff's duty to keep his address updated and he failed to do so. Plaintiff has been allowed to proceed on some of his claims and his case has been referred to mediation. (ECF No.12).

The Court finds that Plaintiff has failed to satisfy the requirement for this court to reconsider its previous order (ECF No. 14).

## II.  CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion to Respond to Court's April 18, 2016 Order and Reconsideration on Amended Complaint (ECF No. 15) is DENIED.

DATED: This 10th day of May, 2016.

_____
United States Magistrate Judge

3